UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| STEVEN DOBBS, NAOMI DOBBS<br><br>Appellants,<br><br>vs.<br><br>ANTHEM BLUE CROSS AND BLUE SHIELD<br><br>A Colorado Insurance Company | Case No. 05-1319 |

**APPELLANTS' MOTION FOR LEAVE TO
FILE CORRECTED REPLY BRIEF**

Pursuant to Rule 27.3, Appellants Steven and Naomi Dobbs move for an order granting them leave to file a corrected reply brief in this case. In support of their motion, Appellants state as follows:

CERTIFICATION OF CONFERRAL

1. Undersigned counsel certifies that he conferred with opposing counsel who expressed opposition to the relief requested in this motion.

REASONS FOR GRANTING THE MOTION

Appellants recognize it is irregular to seek leave to file a corrected brief only one month before the date of oral argument, which is set for September 27, 2006. They respectfully submit, however, there are sound procedural and substantive reasons, in the

interest of justice, to grant the relief they seek.

A.   This Is the Same Brief the Dobbs Filed in March; There Is No Prejudice to the Defendant/appellee Insurance Company.

On March 7, 2006, appellants filed with this court and served on defendants/appellees a brief identical to the one they seek leave to correct. Appellants now seek to correct missing attachments, and technical omissions identified by the clerk of the court. As to contents, they have preserved the brief as it was filed, refraining even from correcting typographical errors. Defendant /Appellee thus has possessed the exact contents of the brief since it was filed nearly six months ago.

Unknown to undersigned counsel, the clerk of this court sent a deficiency letter on March 9, 2006, advising appellants of technical omissions in their brief, including missing tables, unenlarged font-size in footnotes, and a missing certification of compliance with word limits. Undersigned certifies to this court that he never received or saw that letter. If he had, he would (with embarrassment) have immediately and easily corrected the technical deficiencies.

As events transpired, undersigned recently received a telephone call from a person in the clerk's office (whose name undersigned cannot recall) advising of the unresponded-to notice of deficiency. Undersigned now seeks leave to correct the omissions and profusely apologizes to the court and to opposing party and counsel for any inconvenience occasioned by his ignorance of the letter sent in March

> B. Substantial Justice and the Full Consideration of the Important Issues in this Case Favor Granting Relief.

In addition to the lack of prejudice to appellee, substantial justice favors providing to this court the points and authorities that will assist in resolving the important issues presented. These include the following: (1) clarifying the law in this Circuit regarding the applicability to Indian Tribes of federal regulatory statutes that do not express an intent to bind tribes; (2) clarifying the status of tribes, like the Southern Ute Tribe at issue in this case, that are chartered and organized under the Indian Reorganization Act of 1934, rather than existing by virtue of treaty; and (3) the proper application of this Circuit's decision in *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985 (10th Cir.1999) to misrepresentations that insurers make to consumers, rather than to employers.

Appellants' Reply will assist this court to fully consider each of the important issues. Regarding applicability of federal enactments to tribes, appellants show in their reply how appellee's cramped formulation mischaracterizes this Circuit's tradition of comity and respect for tribes. It addresses appellees' misplaced reliance on *Donovan v. Coeur d' Alene Tribal Farm,* 751 F.2d 1113 (9th Cir. 1985) and *Federal Power Comm'n v. Tuscarora Indian Nation*, 362 U.S. 99 (1960), showing (a) the application of those cases has been modified by subsequent supreme court holdings and this Circuit has cast doubt on *Tuscorara's* "continuing vitality;" and (b) even under the stingy formulation of *Coeur d' Alene-Tuscarora* urged by Anthem, ERISA should not bind Indian Tribes.

The reply will further show how Anthem has inverts legal reality by arguing that only specific treaty terms can support deference to the tribe here. In reality, the Indian Reorganization Act of 1934 offered tribes a choice of a different model that did away with treaties and instead afforded tribes a federal charter and a tribal constitution. *Hackford v. Babbitt* 14 F.3d 1457, 1461 (10thCir.1994) (IRA "recognized the right of tribes to draw up constitutions and corporate charters for self-governance"). Thus, recent cases which refer to deference based on "treaty rights," express a true principle, but inadvertently omit reference to an equal or greater source of legal right and autonomy established by Congress: a federal charter and tribal constitution. The Reply brief shows that both are enjoyed by the Southern Ute tribe, which as a result, enjoys rights under federal law, charter and tribal constitution, absent a treaty. The Reply brief also shows how well-established Indian law holds that the federal charter confers "instrumentality" status on the Southern Ute Tribe and thus places the tribe in the "governmental plan" exception to ERISA.

Finally, the Reply examines this Circuit's stated purpose in *Woodworkers* to protect consumers by policing marketing promises about insurance. The Reply contrasts this Circuit's purpose with Anthem's cramped reading that *Woodworkers* can apply only to misrepresentations to employers and not to consumers. The Dobbs show how Anthem's reading of *Woodworkers* would stunt the holding's worthy purpose and block worthwhile protection for employees and plan beneficiaries.

CONCLUSION

The Dobbs respectfully request that their motion be granted and that the court allow them to correct their Reply Brief. Undersigned counsel's inadvertence in being unaware of the Notice of Deficiency causes no prejudice to defendant/appellee, which has possessed the Reply Brief since it was filed with identical content in March. The substantive issues are complex and important. This court will be assisted in addressing those issues by considering the points and authorities appellants raise in reply to appellee's argumlents.

WHEREFORE, for the foregoing reasons, appellants respectfully request that their motion be granted and they be granted leave to file their Corrected Reply Brief.

Dated this 28th day of August, 2006.

        Respectfully submitted,
        Law Office of Shawn Mitchell

        /S/ Shawn Mitchell
By:_____
        Shawn Mitchell
        12530 Newton St.
        Broomfield CO 80020
        Telephone: (303) 464-9409
        Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 28th day of August, 2006, a true and correct copy of the foregoing instrument was hand delivered addressed to the following:

Dean McConnell
Kennedy Christopher Childs & Fogg
Independence Plaza
1050 Seventeenth Street, Suite 2500
Denver, Colorado 80265

                    /S/ Shawn Mitchell
                    _____